UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CASE NO. 05-88591
ESHAQ ESSO, CHAPTER 7
    Debtor, Hon: Marci B. McIvor
_____/
COMMUNICATING ARTS CREDIT UNION,
    Plaintiff,


ESHAQ ESSO,
    Defendant (s). Adv. Proc:
_____/
**HOLZMAN RITTER & LEDUC, PLLC**
CHRISTOPHER E. FRANK (P67169)
TAMARA A. WHITE (P57276)
cefbankruptcy@holzmanlaw.com
Attorneys for Creditor
28366 Franklin Rd.
Southfield, MI 48034
(248) 352-4340

MOHAMED J. ZAHER (P52020)
Attorney for Debtor
18551 W. Warrren Ave.
Detroit, MI 48228
(313)-982-0010
_____/

## ADVERSARY COMPLAINT

NOW COMES, COMMUNICATING ARTS Credit Union, by and through its attorneys, Holzman, Ritter & Leduc, PLLC, and for this complaint, states as follows:

1. That on or about October 15, 2005, the Debtor filed a voluntary petition for relief pursuant to 11 USC Chapter 7, Case No: 05-88591.

2. That this Complaint is brought pursuant to 11 USC Sections 523(a)(2)(A), and 523(a)(6).

3. That this matter is a core proceeding pursuant to 28 USC Section 157.

1

4. That on or about March 21, 2005, Debtor obtained an unsecured loan from COMMUNICATING ARTS CREDIT UNION (hereafter referred to as "Credit Union") in the amount of $5,771.75 with 15.50% interest (see attached Exhibit A).

5. That Debtor subsequently filed for relief under Chapter 7 approximately 7 months later.

6. Under examination, Debtor stated that he only used $2,000.00 for vacation and that the remaining $3,771.75 of the loan was knowingly and willingly used for purposes outside the scope of those stated to obtain the funds, namely gambling.

7. That at the time of filing her petition for relief under Chapter 7, the outstanding balance on the aforementioned loan was approximately $5,771.75.

8. That the Credit Union attempted to negotiate a reaffirmation agreement for the balance of the loan that was used for uses other than those which the funds were obtained.

9. That Debtor refused to enter into a reaffirmation agreement.

**COUNT I**

**FRAUDULENT MISREPRESENTATION-OBTAINING FUNDS UNDER FALSE PRETENSES**

10. Plaintiff hereby incorporates the allegations of Paragraphs 1-9.

11. Debtor made a material representation to the Credit Union when he stated the loan funds were for "vacation."

12. Debtor made the material representation to the Credit Union with the intent that they would rely on his misrepresentation to enter into a loan agreement.

13. The Credit Union did in fact rely on Debtor's misrepresentations of the use of the funds when it agreed to provide the funds.

14. That the Credit Union's reliance was to its detriment.

15. As a result of Debtor's conduct the Credit Union has suffered actual, incidental, and consequential damages.

WHEREFORE, as to Count I of its Complaint, Plaintiff, Communicating Arts Credit Union, requests this Court to award damages for the fraud of Debtor and award actual, incidental, and consequential damages for the fraud of the Debtor and to deem these damages non-dischargeable pursuant to 11 U.S.C. 523(a)(2)(A).

## COUNT II

## BREACH OF CONTRACT

16. Plaintiff hereby incorporates the allegations of Paragraphs 1-15.

17. Debtor's misrepresentation in application for the funds, were in direct violation of the loan contract. (See exhibit A, Additional Provisions Paragraph (b)).

18. Debtor stated that the funds were to be used for "vacation."

19. Under examination, Debtor stated that he only used $2,000.00 for vacation and that the remaining $3,771.75 of the loan was knowingly and willingly used for purposes outside the scope of those stated to obtain the funds, namely gambling.

20. Pursuant to the Additional Provisions of the Loan Contract default occurs if "You have made a false or misleading statement in Your credit application and/or in Your representations to the Credit Union while you owe money under this loan."

21. As such the Debtor is in breach of contract pursuant for both his false representations to the Credit Union in his application for the loan and continued misrepresentations while he owed money to the Credit Union.

WHEREFORE, as to Count II of its Complaint, Plaintiff requests this Court to enter Judgment in its favor and against the Debtor in the amount of $5,771.75, plus contract and statutory interest, court cost, attorney fees, and any additional relief that this Court deems appropriate.

## COUNT III

## FRAUDULENT MISREPRESENTATION AS TO MOTOR VEHICLE

22. Plaintiff hereby incorporates the allegations of Paragraphs 1-21.

23. That on or about April 2, 2005, Debtor obtained an secured loan from the Credit Union in the amount of $16,972.02 with 3.0% interest for a 2001 Chrysler 300M Motor Vehicle. (see attached Exhibit B).

24. On or about July 8, 2005, Debtor was involved in a single car accident while driving the abovementioned motor vehicle.

25. That the motor vehicle was insured by AAA Insurance, Policy number 1-7240112-02-001.

26. That on or about January 5, 2006, the Credit Union first received knowledge of the accident when they received a letter stating the claim and coverage were denied.

27. Upon further investigation of the claim denial, AAA Insurance stated that the denial was attributed to suspicious circumstances of the damage as it related to the alleged circumstances of the accident.

28. Under examination Debtor stated he had no knowledge for the reason of the denial of the claim, why he had not further pursued payment of the claim, or for his failure to inform the Credit Union of the accident.

29. Debtor materially represented that he had full coverage insurance pursuant to his contract with the Credit Union (see exhibit B, Paragraph 6 of Additional Provisions)

30. Debtor further represented his involvement and the facts surrounding said accident that occurred on or about July 8, 2005 to his insurer by filing a claim.

31. Debtor's representation was made as a positive assertion and was, upon information and belief, knowingly false as he knew that the circumstances as presented to the insurance company were not accurate as to the actual facts of the accident.

32. That Debtor made the material misrepresentations to the insurer with the intent that both the insurer and the Credit Union would rely on his misrepresentation.

33. That the Credit Union relied on Debtor to maintain insurance, cooperate fully with the insurer, and to properly maintain the vehicle in order to protect the lienholder's interest.

34. That this reliance was to the detriment of the Credit Union.

35. As a result of Debtor's conduct the insurance claim was denied and the Credit Union suffered actual, incidental, and consequential damages.

WHEREFORE, as to Count III of its Complaint, Plaintiff, Communicating Arts Credit Union, requests this Court to award damages for the fraud of Debtor and award actual, incidental, and consequential damages for the fraud of the Debtor and to deem these damages non-dischargeable.

## COUNT IV
## WILLFUL & MALCIOUS DAMAGE OF PROPERTY

36. Plaintiff hereby incorporates the allegations of Paragraphs 1-35.

37. Debtor's actions and involvement in the accident involving the 2001 Chrysler 300M motor vehicle were performed willfully and maliciously.

38. Debtor's actions were both willful and malicious in both the acts of the actual accident by causing damage to the motor vehicle, and by Debtor's lack of action following the accident.

39. That Debtor's acts caused the Plaintiff to suffer actual, incidental, and consequential damages.

WHEREFORE, as to Count IV of its Complaint, Plaintiff, Communicating Arts Credit Union, requests this Court to award damages for the willful and malicious damage of the Plaintiff's property and award actual, incidental, and consequential damages for the fraud of the Debtor and to deem these damages non-dischargeable pursuant to 523(a)(6).

WHEREFORE, COMMUNICATING ARTS Credit Union respectfully requests this Honorable Court to:

    a. Enter an Order of Non-Dischargability with respect to the debt owed to COMMUNICATING ARTS CREDIT UNION pursuant to 11 U.S.C. 523(a)(2)(A), and 523(a)(6).

    b. Enter a Judgment in favor of the Plaintiff and against the Defendant in the amount of $14,935.53, plus interest, court costs and attorney fees.

Respectfully submitted,
Holzman, Ritter & Leduc, PLLC.

Dated: April 25, 2006

/S/ CHRISTOPHER E. FRANK (P67169)
Attorneys for Creditor
cefbankruptcy@holzmanlaw.com
28366 Franklin Road
Southfield, MI 48034
(248) 352-4340