UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 05-88591 |
| ESHAQ ESSO, | CHAPTER 7 |
| Debtor, | Hon: Marci B. McIvor |

_____/
COMMUNICATING ARTS CREDIT UNION,
        Plaintiff,

ESHAQ ESSO,
        Defendant (s).        Adv. Proc: 06-04589
_____/

**HOLZMAN RITTER & LEDUC, PLLC**
CHRISTOPHER E. FRANK (P67169)
TAMARA A. WHITE (P57276)
cefbankruptcy@holzmanlaw.com
Attorneys for Creditor
28366 Franklin Rd.
Southfield, MI 48034
(248) 352-4340

MOHAMED J. ZAHER (P52020)
Attorney for Debtor
18551 W. Warrren Ave.
Detroit, MI 48228
(313)-982-0010
_____/

**MOTION OF PLAINTIFF, COMMUNICATING ARTS CREDIT UNION, FOR SUMMARY JUDGMENT PURSUANT TO FED. BANKR. P. 7056, FED. R. CIV. P. 56(c) AND L.B.R. 9014-1(e)(1) AND (g), OR, ALTERNATIVELY, FOR JUDGMENT BY DEFAULT PURSUANT TO FED. R. BANKR. P. 7037 AND FED. R. CEV. P. 37(d)**

NOW COMES, COMMUNICATING ARTS CREDIT UNION, Plaintiff herein, by and through

its attorneys, HOLZMAN RITTER & LEDUC, PLLC, and moves this Court for a Summary Judgment

pursuant to Federal Rule of Bankruptcy Procedure 7056 and LBR 2.08, for the reason stated in the brief

accompanying this motion, respectfully requests that this Court enter judgment as a matter of law in their

favor and against the debtor based upon Fed. R. Bankr. P. 7056, Fed R. Civ. P. 56(c) and L.B.R. 9014-1(e)(1) and (g), or alternatively, for judgment by default pursuant to Fed. R. Bankr. P. 7037 and Fed. R. Civ. P. 37(d).

Pursuant to L.B.R. 9014-1(g), the Plaintiff made personal contact with debtor's counsel on November 21, 2006 and the relief requested herein was denied, and hence it is necessary to bring this motion.

WHEREFORE, the Plaintiff respectfully requests that this Court grant Summary Judgment and/or judgment by default against the debtor and in favor of the Plaintiff, together with an award of costs, attorney fees and interest.

Dated: November 20, 2006

> HOLZMAN RITTER & LEDUC, PLLC
>
> /s/ CHRISTOPHER E. FRANK
> CHRISTOPHER E. FRANK(P67169)
> cefbankruptcy@holzmanlaw.com
> Attorney for Creditor
> 28366 Franklin Road
> Southfield, MI 48034 (248) 352-4340

| | |
|---|---|
| IN RE: | CASE NO. 05-88591 |
| ESHAQ ESSO, | CHAPTER 7 |
|     Debtor, | Hon: Marci B. McIvor |
| _____/ | |
| COMMUNICATING ARTS CREDIT UNION, | |
|     Plaintiff, | |
| | |
| ESHAQ ESSO, | |
|     Defendant (s). | Adv. Proc: 06-04589 |
| _____/ | |

**HOLZMAN RITTER & LEDUC, PLLC**
CHRISTOPHER E. FRANK (P67169)
TAMARA A. WHITE (P57276)
cefbankruptcy@holzmanlaw.com
Attorneys for Creditor
28366 Franklin Rd.
Southfield, MI 48034
(248) 352-4340

MOHAMED J. ZAHER (P52020)
Attorney for Debtor
18551 W. Warrren Ave.
Detroit, MI 48228
(313)-982-0010
_____/

**ORDER GRANTING MOTION OF PLAINTIFF, COMMUNICATING ARTS CREDIT UNION, FOR SUMMARY JUDGMENT PURSUANT TO FED. BANKR. P. 7056, FED. R. CIV. P. 56(c) AND L.B.R. 9014-1(e)(1) AND (g), OR, ALTERNATIVELY, FOR JUDGMENT BY DEFAULT PURSUANT TO FED. R. BANKR. P. 7037 AND FED. R. CEV. P. 37(d)**

This matter having come before the Court on the Motion of Plaintiff, Communicating Arts Credit

Union, for Summary Judgment pursuant to Fed. R. Bankr. P. 7056, Fed. R. Civ. P. 56(c) and L.B.R.

9014-1(e)(1) and (g), or alternatively, for Judgment by Default pursuant to Fed. R. Bankr. P. 7037 and

Fed. R. Civ. P. 37(d). The Court having reviewed the matter and a hearing having been held or no response to the motion received, the Court being otherwise sufficiently advised in the premises. Having received no response to the Motion, the Court finds sufficient cause for granting the relief requested by the Plaintiff in the Motion.

IT IS HEREBY ORDERED, that the Motion is Granted;

IT IS FURTHER ORDERED, that the debt owed to the Plaintiff in the amount of $3,771.75 is hereby non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

IT IS FURTHER ORDERED, that the debt owed to the Plaintiff in the amount of $9,163.78 is hereby non-dischargeable pursuant to 11 U.S.C. § 523(a)(6);

IT IS FURTHER ORDERED that judgment is entered by default against the debtor pursuant to Fed. R. Bankr. P. 7037 and Fed. R. Civ. P. 37(d);

IT IS FURTHER ORDERED that an award of attorney fees and costs against the debtor and in favor of the Plaintiff is entered in the amount of $2,702.50.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                      CASE NO. 05-88591
ESHAQ ESSO,                                                 CHAPTER 7
    Debtor,                                      Hon: Marci B. McIvor
_____/
COMMUNICATING ARTS CREDIT UNION,
    Plaintiff,


ESHAQ ESSO,
    Defendant (s).                               Adv. Proc: 06-04589
_____/
**HOLZMAN RITTER & LEDUC, PLLC**
CHRISTOPHER E. FRANK (P67169)
TAMARA A. WHITE (P57276)
cefbankruptcy@holzmanlaw.com
Attorneys for Creditor
28366 Franklin Rd.
Southfield, MI 48034
(248) 352-4340

MOHAMED J. ZAHER (P52020)
Attorney for Debtor
18551 W. Warrren Ave.
Detroit, MI 48228
(313)-982-0010
_____/

**BRIEF IN SUPPORT OF MOTION OF PLAINTIFF, COMMUNICATING ARTS CREDIT UNION, FOR SUMMARY JUDGMENT PURSUANT TO FED. BANKR. P. 7056, FED. R. CIV. P. 56(c) AND L.B.R. 9014-1(e)(1) AND (g), OR, ALTERNATIVELY, FOR JUDGMENT BY DEFAULT PURSUANT TO FED. R. BANKR. P. 7037 AND FED. R. CIV. P. 37(d)**

**INTRODUCTION**

    This matter is before the Court on the Plaintiff's, Communicating Arts Credit Union, Motion for Summary Judgment pursuant to Fed. R. Bankr. P. 7056, Fed. R. Civ. P. 56(c) and E.D.L.B.R. 9014-(1)(e)(1) and (g). Alternatively, the Plaintiff asks for Judgment by Default pursuant to Fed. R.

Bankr. P. 7037 and Fed. R. Civ. P. 37(d). Plaintiff seeks summary judgment denying the dischargability of the amounts owed to Plaintiff and judgment in the amount of $14,953.53 in damages, plus interest, court costs, and attorney fee's under § 523(a)(2)(A) and § 523(a)(6) of the United States Bankruptcy Code. Alternatively, the Plaintiff prays for entry of a judgment by default against the debtor and for an award of attorney fees and costs for failing to serve answers or objections to the interrogatories submitted by Plaintiff in this matter under Fed. R. Bankr. P. 7033, for failing to respond for production of documents under Fed. R. Bankr. P. 7034, and for failing to respond to Plaintiff's requests for admissions under Fed R. Bankr. P. 7036.

There are two issues in this case. The first is whether the debtor acquired a loan under false pretenses, representations, and fraud, therefore preserving the non-dischargability of the debts. The second issue is whether the debtor willfully and maliciously caused injury to the Plaintiff's property and preserved the debt owed for a 2001 Chrysler 300M as non-dischargeable. For the reasons provided, the debts owed to Communicating Arts Credit Union should not be dischargeable.

**FACTS**

Debtor, Eshaq Esso, applied for and received an unsecured loan from Communicating Arts Credit Union (hereafter referred as "CACU") on or about March 21, 2005 in the amount of $7,744.00. A copy of the original Agreement is attached hereto as Exhibit A. The Agreement was signed by the Debtor and witnessed by one party. The purpose of the loan as stated on the application was for "vacation." The Debtor admitted at the first meeting of creditors held on December 29, 2005 as well as in a 2004 examination held on March 20, 2006 that he used the funds acquired for gambling.

Additionally, on or about April 2, 2004, debtor applied for and received a secured loan from CACU. As security for said loan, Debtor granted CACU a security interest in a 2001 Chrysler

300 M motor vehicle (hereafter referred to as "Collateral"). The Agreement was signed by the Debtor and witnessed by one party. A copy of the original Agreement is attached hereto as Exhibit B.

On or about July 8, 2005 the Defendant was involved in a single car motor vehicle incident with the Collateral. The Collateral was later declared a total loss by AAA Insurance Company (herein after "AAA"), but upon further investigation, AAA denied the claim for coverage. Although the Debtor initially attempted to negotiate with AAA for a higher payment amount of the claim, CACU was only notified of the incident and the insurance company's investigation after the denial of the claim. AAA denied the claim due to the inconsistencies in the damage to the vehicle in relation to the statements that the Defendant made regarding the incident. In addition to the damage from the incident, the vehicle was missing the tires and wheels upon receipt at the storage lot. (See Exhibit C).

On October 15, 2005, Debtor filed for relief under Chapter 7 and obtained a discharge on or about March 1, 2006.

A Creditors examination was held pursuant to Fed. Bankr. R. 2004 on or about March 21, 2006 where the debtor claimed to have no knowledge of the facts surrounding the motor vehicle outside the general details of the accident of July 8, 2005. As to the unsecured loan, the debtor admitted to procurement of the loan and use of the funds for a purposes outside the scope of which the funds were provided.

On September 27, 2006, Plaintiff served discovery requests, including request for interrogatories, requests for admission, and requests for production on the debtor in this adversary proceeding. (see **Exhibit A**). The debtor never answered the discovery requests and Plaintiff, was never contacted regarding the deadlines for the discovery. Plaintiff's counsel attempted to contact debtor's counsel November 20, 2006, fifty-four days after they were served. On November 21, 2006 Plaintiff's counsel had a telephonic conference with debtor's counsel where he indicated that he had sent the discovery at

an earlier date. Plaintiff's counsel confirmed that the discovery was never received either at the address of record for Plaintiff's counsel or Communicating Arts Credit Union. Additionally, a proof of service certifying that the discovery responses were sent was ever filed with the United States Bankruptcy Court.

## JURISDICTION

The Court has jurisdiction over the adversary proceeding pursuant to 28 U. S.C. §1334 and §157. This is a core proceeding pursuant to 28 U. S. C. § 157(b)(2)(I).

## STANDARD OF REVIEW

In all adversary proceedings, Fed. R. Bankr. 7056 incorporates by reference Fed. R. Civ. P. 56(c) which states that a party is entitled to Summary Judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Plaintiff has established his burden with regard to all of the elements of Sections §523(a)(2)(A) and §523(a)(6). The debtor has no evidence to support his position despite having the opportunity for discovery and therefore the Plaintiff is entitled to summary judgment as to all claims against the debtor.

## ARGUMENT

### §523(a)(2)(A) AND §525(a)(5) ARE SATISFIED BY THE DEBTOR'S ADMISSIONS

Fed. R. Civ. P. 36(a) in conjunction with Fed. R. Bankr. P. 7036, provides that each matter "is admitted unless within 30 days after the service of the request…the party to whom the request is directed serves the party requesting admission a written answer or objection addressed to the matter, signed by the party or the party's attorney."

Due to the failure of the debtor to respond timely to the Plaintiff's requests for admissions are

admitted. (See Exhibit D). The failure to respond to the request for admissions deems the following facts admitted. The Defendant used a portion of the unsecured loan funds acquired on or about March 21, 2005 in the amount of $3,771.75 for gambling. (Request for admission #6). That the debtor used the loan funds for a purpose other than that requested on the loan application. (Request for admission #8). The Defendant made false representations to receive the loan funds. (Request for admission #7).

The Defendant further admits that he is liable for $14, 953.53 for damages, plus interest, court costs, and attorney fee's. (Request for admission #20).

### A. ARGUMENT AS TO THE UNSECURED LOAN

Communicating Arts Credit Union (CACU) provided funds to the debtor for the stated use of "vacation." The Debtor utilized the funds for a purpose other than that stated on the application and therefore obtained the funds under false pretenses, by misrepresentation, and continued misrepresentation to the Credit Union.

The standard for a Court to except a debt from discharge under §523(a)(2)(A) they must find,

"(1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. AT&T Universal Card Services, Inc. v. Rembert, 141 F.3d 277 (6th Cir. 1998) citing Longo v. McLaren ( In re McLaren ), 3 F.3d 958, 961 (6th Cir.1993)."

The loan at issue in this case meets the standard for exception to discharge.      First, the debtor acquired the money with no intent to use the entirety of the funds for a vacation.  The debtor has in fact failed to provide any proof that he ever took a vacation.  According to his testimony at the 2004 examination he stated he visited his sister, however no proof of that trip has been provided to

establish the use of the funds for the stated purpose. The debtor is employed at Motor City Casino and is a habitual gambler who frequents Detroit area casinos on a regular basis. The debtor testified at his 2004 examination that he used approximately $3,771.75 of the loan proceeds for gambling. Due to the debtors testimony at the 2004 examination, his history of gambling, and the lack of evidence to the contrary, Creditor asserts that the debtor acquired the funds from CACU for the purpose other than stated on the application and knew his statements to be false at that time. By the *deemed admissions* of the Debtor, he admits that he made false misrepresentations to receive the funds. (see admission #7).

Second, the debtor intended to deceive the Creditor. The debtor actions and admissions indicate that he intended to acquire the funds under false pretense and continued to do misrepresent their use after acquiring the funds. Examining the totality of the circumstances, the debtor had suffered approximately an $8,000.00 loss of income between 2004 and 2005. The Debtor further testified that his income continued to decrease into 2006 due to the local economy. The Debtor testified at his 2004 examination that because his income is largely based on gratuities, the decline in the overall local gambling industry resulted in the steady decline of his wages. The Debtor was aware of these issues at the time he requested the loan funds and yet claims he planned over a $5,000.00 vacation. The Debtor could not acquire the loans for their intended purpose of gambling, as no financial institution, including Creditor, will lend money for the purpose of gambling. Debtor's deemed admissions indicate that he acquired the funds by false and misleading representations to the credit union. (see admission #7).

The creditor justifiably relied on the false representation that the Debtor intended to use the funds for vacation and as a result of those misrepresentations suffered a loss. The credit union relied on the debtor's statements and financial documents in order to fund the loan. The credit union relied

on those statements and as a direct result of the misrepresentations has suffered a loss. The deemed admission of the debtor indicates that he is liable for $14,853.53 in damages to the credit union which is comprised in part of the $3,771.75 of the loan in question. (See admission # 20).

### B. ARGUMENT AS TO THE 2001 CHRYSLER 300M MOTOR VEHICLE

The Defendant further admits the following as it relates to the 2001 Chrysler 300M motor vehicle loan with the credit union: The Defendant willfully and intentionally caused the damage to the 2001 Chrysler 300M motor vehicle. (Request for admission #11). That due to the Defendant's fraudulent activities and material and false statements related to the accident of July 8, 2005. (Request for admission #15) and that the insurance claim was denied due to the Defendant's material and false statements. (request for admission #16). That the Defendant took the tires and wheels of the motor vehicle following the accident of July 8, 2005. (Request for admission #18). That the willful actions of the Defendant caused the credit union to incur $9,163.78 in damages related to the 2001 Chrysler 300M motor vehicle. (Request for admission #19). The Defendant further admits that he is liable for $14, 953.53 for damages, plus interest, court costs, and attorney fee's. (Request for admission #20).

As stated in *In Re Zhou*, 331 B.R. 274, 276 (E.D. Mich. 2005), under § 523(a)(6) the exception to discharge requires, "a deliberate or intentional injury, rather than a deliberate or intentional act that leads to injury. *Kawaauhau v. Geiger,* 523 U.S. at 61, 118 S.Ct. 974. "[U]nless 'the actor desires to cause consequences of his act, or believes that the consequences are substantially certain to result from it,' he has not committed a 'willful and malicious injury' as defined under Section 523(a)(6)." *Markowitz v. Campbell* ( *In re Markowitz*), 190 F.3d 455, 464 (6th Cir.1999). Thus, to demonstrate that a debt resulted from a "willful and malicious" injury, the plaintiff must establish that the defendant either (1) intended to cause the injury, or (2) engaged in an intentional act

from which she believed injury would be substantially certain to result. *In re Markowitz,* 190 F.3d at 464; *In re Moffitt,* 252 B.R. at 921-2.

CACU provided a secured purchase money security interest loan to the debtor for a 2001 Chrysler 300M motor vehicle on or about April 2, 2004. The Debtor was involved in a single vehicle accident on or about July 8, 2005 that resulted in a total insurance loss. The debtor was interviewed by AAA regarding the accident and the damage that occurred to the vehicle. Upon investigation by AAA, the accident claim was denied due to suspicious circumstances of the damage to the motor vehicle. CACU was never contacted by the debtor regarding the accident of July 8, 2006. That on or about July 8, 2006, CACU was first made aware of the accident and damage to its collateral when a letter stating that the claim had been denied was received from AAA. Under examination at a creditor's examination held on March 21, 2006 pursuant to Fed. Bankr. P. 2004, the debtor stated he had no knowledge of the reason for the denial of the claim and could not recall the circumstances surrounding the interview held by AAA. Debtor further stated that he had not informed the credit union of the accident and that he had failed to pursue the insurance claim any further after receiving the denial of claim. However, the debtor did pursue the payment of the claim and actually argued with AAA regarding the amount of money that was initially being considered as a claim payment. (See exhibit C).

Additionally, the debtor's failure to act in informing the credit union of the accident and the resulting denial of the insurance claim caused irreparable harm. The credit union was unable to assert a defense to the denial of the claim and the debtor's actions effectively waived any ability or rights that the credit union had. The deemed admissions of the debtor indicate that he willfully and intentionally caused damage to the 2001 Chrysler 300M. Furthermore, the debtor admits that he is liable for $9,163.78 in damages that his willful actions caused. (See admission #19). Debtor also

12
06-04589-mbm    Doc 10    Filed 11/28/06    Entered 11/28/06 18:45:31    Page 12 of 14

admits that he is liable for $14,953.53 in damages, plus interest, court costs, and attorney fees. (See admission #20).

### C. JUDGMENT BY DEFAULT AND AN AWARD OF COSTS AND ATTORNEY FEES IS AN APPROPRIATE REMEDY FOR THE FAILURE TO RESPOND TO DISCOVERY

Fed. R. Bankr. P. 7036 provides that Fed R. Civ. P. 36 applies in adversary proceedings. Fed. R. Civ. P. 36 states in pertinent part, "Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request." By incorporation, Fed. R. Civ. P. 37 states that,

> "…the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party"

Entry of a default Judgment and award of attorney fees and costs is applicable is this case. The failure of the Defendant to respond to the request for interrogatories, requests for admissions, or request for productions are fatal. The debtor procured money under false pretenses to use for gambling which became a major contributing factor in his choice to file his bankruptcy petition. The Plaintiff can no longer allow the debtor to evade his

13

responsibility for having incurred the debt to the credit union or his requirements within his bankruptcy.

WHEREFORE, for the reasons stated above, the Plaintiff respectfully requests that this Court grant the relief requested in the Motion, with an award of attorney fees, costs, and interest incurred.

Dated: 11/28/2006                    Respectfully submitted:


/s/ CHRISTOPHER E. FRANK (P67169)
cefbankruptcy@holzmanlaw.com
Attorneys for Plaintiff/Creditor
COMMUNICATING ARTSCredit Union
28366 Franklin Road
Southfield, MI 48034
 (248) 352-4340